IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JULIO JOSE SANCHEZ,

    Plaintiff,                                  OPINION and ORDER

v.

                                              Case No. 15-cv-795-wmc

ROSANNA LOPEZ
and CHILD SUPPORT AGENCY,

    Defendants.

*Pro se* plaintiff Julio Jose Sanchez has filed a proposed civil action against Rosanna Lopez and an unspecified "child support agency." Because Sanchez is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915, although he is held to a "less stringent standard" in crafting pleadings *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this relaxed pleading standard, however, Sanchez may not proceed with his lawsuit because this court lacks jurisdiction over its subject matter.

A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. This case falls into neither category. Even if it did, Sanchez is essentially requesting that this court exercise jurisdiction over a child custody matter that is also pending before the Circuit Court for Dane County, something that is precluded by long-standing precedent and considerations of comity for the state proceedings.

As for diversity of citizenship, Sanchez does not state in his complaint whether the defendants and he are citizens of different states, but his allegations suggest that is unlikely. Sanchez lives in Stoughton, Wisconsin, and he alleges that there is a custody dispute pending

1

in Dane County between himself, Rosanna Lopez, and a child support agency. Nothing about these allegations suggests that Lopez or the child support agency are citizens of a state other than Wisconsin. Moreover, Sanchez has not alleged that there is more than $75,000 in controversy.

Nor does Sanchez articulate any federal question presented by his complaint. For example, he does not allege any violation of his constitutional rights or any federal statute. Even if there were an arguable basis for the exercise of federal jurisdiction, this court would still be compelled to decline federal jurisdiction. Sanchez is plainly attempting to raise claims relating to a child custody dispute. Child custody falls within the area of family or domestic relations, which is governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (*quoting In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *See Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Finally, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as the award of child custody or denial of visitation. The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S.

462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Thus, to the extent Sanchez is seeking to challenge an adverse judgment related to child custody made by the Dane County court, his remedy is to appeal through the state court system, and if no relief is provided, directly to the United States Supreme Court via a petition for *certiorari* review.

For all of the foregoing reasons, Sanchez's complaint must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 12th day of May, 2016.

                                                BY THE COURT:

                                                /s/

                                                WILLIAM M. CONLEY
                                                District Judge